IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES LEONARD BELL,      )
      Petitioner,        )
                      )
        v.            )  Civil Action No. 08-1235
                      )
FAYETTE COUNTY PRISON et al.,  )
      Respondents.     )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Charles Leonard Bell for a writ of
habeas corpus be dismissed and because reasonable jurists could not conclude that there is a
basis for appeal, that a certificate of appealability be denied.

II. Report:

Charles Leonard Bell, an inmate at the Fayette County Prison has presented a petition for
a writ of habeas corpus.

Bell is presently incarcerated at the Fayette County Prison following his entry to a plea of
guilty to charges of robbery-inflict threat of immediate bodily injury and theft by unlawful taking
of movable property at No. CP-26-CR-0000526-2008 in the Court of Common Pleas of Fayette
County, Pennsylvania. On August 12, 2008 a three to six and a consecutive two to four year

sentence was imposed.[1] No appeal was pursued.[2]

In the instant petition which was executed on September 2, 2008, Bell contends he is entitled to relief on the grounds that as a part of his plea agreement, his sentences were to run concurrently and not consecutively.[3]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez,

---

[1] See: Petition at ¶¶ 1-5. While we accept Bell's recitation of the facts, we also note that they do not comport with the records of Fayette County. The latter demonstrate that on August 12, 2008, the petitioner was permitted to withdraw his guilty plea and no sentence was imposed. Rather, it appears that the petitioner is presently a pre-trial detainee, and not a sentenced individual. However, at this juncture we need not resolve this apparent conflict, since it is clear from the record that regardless of his status, Bell has failed to exhaust the available state court remedies and his petition is properly dismissed here.

[2] See: Petition at ¶ 9.

[3] See: ¶ 12 of the petition.

2

supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it is abundantly clear that the petitioner neither filed a direct appeal nor sought post-conviction relief nor has he made any showing that he is being prevented from exhausting these remedies.[4] For this reason, it is readily apparent that the instant petition is premature, and it is recommended that the petition of Charles Leonard Bell for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that there is a basis for appeal, that a certificate of appealability be denied.

As set forth in the attached notice of electronic filing, after being served, any party may serve and file written objections to the Report and Recommendation within the time frame set forth therein. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered: September 15, 2008                United States Magistrate Judge

_____

[4] We note that the time in which the petitioner could have filed an appeal expired thirty days after his sentence was entered. Pa.R.App.P. 903(a). For this reason, had he filed a notice of appeal instead of the instant petition, his appeal would have been timely. However, he has one year from the time in which the judgment became final to file a post-conviction petition where in-fact his appeal rights might be reinstated.42 Pa.C.S.A. 9545(b)(1).